CHARLES FONDA, Curator, v. GEO. W. DENTON.

A judgment dismissing a third opposition to an order of sale of property, is final if unappealed from, even though it be rendered *ex parte;* and is a complete bar to setting up the pretended title anew.

The failure to appear and prosecute the opposition cannot deprive the party interested of the benefit of the judgment.

APPEAL from the Third District Court of New Orleans, *Duvignaud,* J.
*Durant & Horner,* for plaintiff. *Clarke & Bayne,* for defendant and appellant.

COLE, J. Although this is not strictly a petitory action, both parties are willing to consider it as such for the sake of terminating the present litigation.

There was judgment for plaintiff, and defendant has appealed.

The controversy is as to the ownership of certain lots in the Pully Square, in the city of New Orleans.

1. The title of defendant to a part of these lots has already been adjudicated upon in the suit of *Fowler* v. *Irwin,* in which defendant filed a third opposition, averring himself to be the proprietor of a part of the lots now in question; the opposition was dismissed, and on appeal to this court, the judgment was affirmed.

2. After the death of *Irwin,* his curator obtained an order for the sale of the property now in dispute, consisting partly of the lots adjudicated upon in the suit of *Fowler* v. *Erwin.* Defendant filed a third opposition to the proceedings for a sale of these lots in *Erwin's* succession, on the ground that they were his property.

On the 29th March, 1856, a judgment was rendered, which dismissed defendant's opposition; he did not appeal; it is then final as to the pretentions of defendant to the lots in contestation, and estops him, even if the judgment was *ex parte,* from again setting up his pretended title to the same. *Moch* v. *Garthwaite et als.,* 11 An., p. 287.

His neglect to appear and prosecute his opposition cannot deprive plaintiff of the benefit of the judgment.

The judgment must be considered to have been rendered on the issue, which was that of title to the lots in dispute in the suit at bar.

Defendant avers that the judgment was not final, because the sale of the property was abandoned subsequently to his opposition, and there was no reason why an appeal should have been taken.

Such abandonment of the prosecution of a sale is not of itself proof that plaintiff did not deem the property his own, and he could afterwards have again seized it; as then the court had obtained jurisdiction over the title to these lots, it was highly proper that it should for ever terminate the controversy, and adjudicate upon the title to the same. As the judgment was rendered on the title of defendant to these lots, and as it is now final by the lapse of time for an appeal, it is then *res judicata,* so far as regards the rights of plaintiff and defendant to these lots, and a bar to any claim of defendant to the same, so far as plaintiff is concerned.

FONDA
v.
DENTON.

3. The testimony establishes, that these lots belong to the estate of *James Erwin*, of which plaintiff is curator.

Judgment affirmed with costs.

SPOFFORD, J., took no part in this case.